## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SUSAN YOST,<br>17 Baywood Lane<br>Portsmouth, VA 23701 | ) ) ) ) ) | **NOTICE OF REMOVAL** |
| CAROLYN HOLUB,<br>13402 E. Hardy<br>Houston, TX 77039 | ) ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) ) |  |
| WYETH,<br>5 Giralda Farms<br>Madison, NJ 07947 | ) ) ) ) |  |
| Defendant. | ) ) |  |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wyeth[1] hereby gives

notice that this case is removed from the Superior Court for the District of Columbia to

the United States District Court for the District of Columbia. In support of this Notice of

Removal, Defendant states as follows:

1.      This action is a civil action within the meaning of the Acts of Congress

relating to the removal of cases.

2.      On or about April 29, 2005, Plaintiffs filed a Complaint seeking money

damages for allegedly suffering personal injuries from taking fenfluramine (Pondimin)

---

[1] On March 11, 2002, the name of American Home Products Corporation ("AHPC")
changed to Wyeth. As a result, Wyeth will respond to allegations directed at AHPC.

and/or Redux (dexfenfluramine) for weight loss. Plaintiff named Wyeth as the only defendant in this action. This case has been assigned D.C. Superior Court Civil No. 05-0003288.[2]

3.    Plaintiff served Wyeth on June 8, 2005.

4.    This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity exists between all Plaintiffs and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests.

## Complete Diversity Exists Between Plaintiffs and Defendant.

5.    Plaintiffs allege that they are residents of the following states: Virginia (Susan Yost) and Texas (Carolyn Holub). *See* Compl. ¶ 2, attached hereto as Exhibit A. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Plaintiffs were citizens of the above-listed states for purposes of removal.

6.    Defendant Wyeth is incorporated in the State of Delaware, and its principal place of business is in the State of New Jersey. Accordingly, at the time Plaintiffs commenced this action and at the time of filing this Notice of Removal, Defendant Wyeth was a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c)(1).

7.    Thus, there is complete diversity between Plaintiffs and Defendant for purposes of 28 U.S.C. §§ 1332 (a)(1), 1441(a).

---

[2] Pursuant to 28 U.S.C. § 1446, copies of all process, pleadings, and orders served upon

[Footnote is continued on next page]

**The Amount in Controversy Exceeds $75,000.00, Exclusive of Costs and Interest.**

8.      The Complaint seeks $10,000,000 in damages.  *See* Compl. at ¶ 44.

9.      Thus, the amount in controversy in this action exceeds $75,000, exclusive of costs and interest for purposes of 28 U.S.C. §§ 1332(a), 1441(a).

**Removal is Timely and the Prerequisites for Removal Have Been Met.**

10.     In order to be timely, a Notice of Removal must "be filed within thirty days after the receipt by defendant" of the pleadings.  28 U.S.C. § 1446(b).  Defendant Wyeth received the Complaint on June 8, 2005, and thus, this Notice of Removal is timely.

11.     Because complete diversity exists between all Plaintiffs and Defendant and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, this Court is vested with subject matter jurisdiction over this action and the case is properly removable under 28 U.S.C. § 1441.

12.     Prerequisites under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

13.     Written notice of the filing of this Notice of Removal is being delivered to all parties through their counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of Court for the Superior Court of the District of Columbia.

---

[Footnote continued from previous page]

Wyeth are attached to this Notice as part of Exhibit A.

WHEREFORE, Defendant Wyeth prays that the above entitled state court action, now pending in the Superior Court of the District of Columbia be removed to the United States District Court for the District of Columbia.

RESPECTFULLY SUBMITTED,

Fern P. O'Brian, D.C. Bar No. 387468
Robyn M. Holtzman, D.C. Bar No. 483317
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

Dated: June 21, 2005                    **COUNSEL FOR DEFENDANT WYETH**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing

**Notice of Removal** has been served upon all counsel of record by placing a copy of same

in the United States mail, postage prepaid and properly addressed, this 21st day of June,

2005.

> Michael J. Miller, Esquire
> J. Christopher Ide, Esquire
> Miller & Associates
> 105 North Alfred Street
> Alexandria, Virginia 22314
>
> **Counsel for Plaintiffs**

Robyn M. Holtzman

# Exhibit A



**Superior Court of the District of Columbia**
**Civil Division**

RECEIVED

JUN 0 8 2005

Yost, S vs Wyeth                                    C.A. No. 05ca003288 LEGAL DIVIS.ON

### INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

April 29,2005                          Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #9 (Judge Anna Blackburne-Rigsby)

Initial conference: @ 9:30am  08/05/05      Courtroom: 52, 2nd Floor
                                            409 E. St., N.W.
                                            Washington, D.C. 20001

RECEIVED

JUN 07 2005

WILLIAM J. RUANE

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

RECEIVED

JUN 0 8 2005

LEGAL DIVISION

| Susan Yost & Carolyn Holub | |
|---|---|

Plaintiff

VS.

Civil Action No.

05-0003288

| Wyeth | |
|---|---|

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Michael Miller & J. Christopher Ide, Esq |
|---|
Name of Plaintiff's Attorney

| 105 N. Alfred Street |
|---|
Address

| Alexandria, Virginia 22314 |
|---|

| 703-519-8080 |
|---|
Telephone

By _K. Cox_
Deputy Clerk

Date _4-29-05_

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(1)-456/Mar. 98    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**

**Civil Division**

| | |
|---|---|
| SUSAN YOST | ) |
|     17 Baywood Lane | ) |
|     Portsmouth, Virginia 23701 | ) |
|         And | ) |
| CAROLYN HOLUB | ) |
|     13402 E. Hardy | ) |
|     Houston, Texas 77039 | ) |
|         Plaintiffs | ) |
| v. | ) |
| WYETH | ) |
|     5 Geralda Farms | ) |
|     Madison, New Jersey    07947 | ) |
| | ) |
|     Serve: General Manager | ) |
|     1726 M Street, NW., Suite 1001 | ) |
|     Washington, DC 20036 | ) |
|         Defendant. | ) |

**RECEIVED**

JUN 0 8 2005

**LEGAL DIVISION**

RECEIVED
Civil Clerk's Office
APR 2 9 2005
Superior Court of the
District of Columbia
Washington, D.C.

05-0003288

CIVIL ACTION NO.: _____

Cal: _____

Next Event: _____

**COMPLAINT**

**Liability — Personal Injury**

Plaintiffs, Susan Yost and Carolyn Holub, by counsel, sue Defendant WYETH and for their cause of action states:

1.    This Honorable Court has jurisdiction of this case by virtue of D.C. Code §11-921 (1981 ed.) and §13-334 in that the amount in controversy exceeds the jurisdictional requirements of this Court and Wyeth's business contacts with the District are continuous and systematic and Rule 20 of the Rules of the Superior Court of the District of Columbia.

2.    Plaintiff Yost was at times mentioned herein, a citizen of the state of Virginia and Plaintiff Holub was a citizen of the state of Texas.

3.    Defendant, WYETH is a Delaware corporation, which has its principal place of business in New Jersey. At all times relevant hereto, this defendant, by and through its Wyeth-Ayerst Laboratories Division and its A. H. Robins Company, Incorporated, subsidiary, was engaged in the business of, designing, developing, testing manufacturing, labeling, distributing, supplying promoting, and selling pharmaceutical drug products. This defendant does business in the District of Columbia and at all times relevant hereto, sold and supplied Pondimin (fenfluramine) and Redux (dexfenfluramine) in interstate commerce and in the District of Columbia. Additionally, Defendant Wyeth is licensed to do business in the District of Columbia; maintains a registered agent in the District of Columbia; maintains an office in the District of Columbia; and maintains an internet website that is available to consumers who reside in the District of Columbia. Dexfenfluramine is the principal effective component of fenfluramine. With Defendant WYETH's knowledge and encouragement, phentermine was prescribed and used in combination with fenfluramine and, as such, was known as "fen-phen." Fenfluramine, fen-phen, and dexfenfluramine was prescribed and used as diet drugs, and all was similarly ineffective and carried similar risks of pulmonary hypertension and valvular heart disease.

4.    A. H. ROBINS COMPANY, incorporated, (hereinafter referred to as "A. H. ROBINS") was a Delaware corporation with its principal place of business in Richmond, Virginia. At all times relevant hereto, A. H. ROBINS was engaged in the business of designing, developing, manufacturing, testing, labeling, distributing, supplying,

2

promoting, and selling pharmaceutical drug products and was doing business in The District of Columbia and, at all times relevant hereto, sold and supplied Pondimin in interstate commerce and in the District of Columbia. On August 3, 1998, A. H. ROBINS was merged into defendant WYETH, and ceased to exist as a separate entity. Defendant WYETH is the corporate successor to A. H. ROBINS, and, as such, is liable for all claims alleged herein which could have been asserted by Plaintiffs against A. H. Robins.

5.      WYETH-AYERST LABORATORIES DIVISION is, and at all times mentioned herein, was a wholly-owned division or subsidiary of defendant WYETH. At all times relevant hereto, this division or subsidiary of defendant WYETH was engaged in the business of designing, developing, manufacturing, testing, labeling, distributing, supplying, promoting, and selling the drug products Pondimin (fenfluramine) and Redux (dexfenfluramine) in interstate commerce and in the District of Columbia.

6.      Pondimin is a Schedule IV controlled substance pursuant to Federal and District of Columbia Laws. Plaintiffs ingested said drug products from approximately 1995 to 1997. Plaintiffs could not have learned through the exercise of ordinary care, and did not learn of their injuries or that they were caused by ingestion of defendant's drug products, as described below, until approximately September and October 2002.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

7.      Plaintiffs repeat all of the allegations contained in paragraphs 1 through 6 of the Complaint.

3

8.    At all times relevant hereto, Defendant WYETH negligently designed, developed, tested manufactured, labeled, distributed, supplied, marketed, promoted, and sold the drug products Pondimin and/or Redux to Plaintiffs.

9.    Defendant WYETH was aware of, and profited from, the fact that Pondimin was being prescribed and used in the fen-phen combination and that such use was dangerous and unsanctioned by the Food and Drug Administration.

10.    Defendant WYETH was aware of, and profited from, the fact that Pondimin was being prescribed for long-term use and that such use was dangerous and unsanctioned by the Food and Drug Administration.

11.    After notice of the dangerousness of Pondimin, Redux, and fen-phen and the knowledge that injuries had occurred as a result of the use of said products, Defendant WYETH negligently failed to issue adequate warnings, recall the product, publicize the problem, and otherwise act properly and timely to alert physicians or the public to these drug products inherent dangers.

12.    Defendant WYETH carelessly and negligently sold and promoted said drug products as safe and effective; knew that said drug products would not substantially reduce weight or reduce weight for a long period of time; knew that said drug products was and still are associated with serious and often fatal side effects; did not warn the Plaintiffs that said drug products was controlled substances; did not warn the Plaintiffs that said drug products was not approved for long-term use or for use in combination with her weight loss drugs such as phentermine; did not warn that the prescribing doctors should be limited to those who specialized in the treatment of obesity; did not warn Plaintiffs that the combination use of the drug products had not been studied as to safety

4

in animals or humans; violated the controlled substance laws; encouraged misuse and overuse while underplaying side effects to doctors and the public in order to increase sales and profits; and preyed on the cupidity of doctors and the fears of Plaintiffs and her overweight members of American society.

13.    The aforesaid conduct of Defendant WYETH was careless and negligent and inimical to the public health.

14.    As a direct and proximate result of Plaintiffs use of Pondimin, Plaintiffs developed permanent heart valve damage.  Plaintiff Yost has undergone heart valve replacement surgery.  Additionally, Plaintiffs have otherwise have been permanently, physically and mentally injured, have suffered physical and mental pain and anguish, and has incurred and will in the future incur medical expenses in an effort to be cured of these injuries.

## SECOND CAUSE OF ACTION
## STRICT PRODUCT LIABILITY

15.    Plaintiffs repeat all of the allegations contained in paragraphs 1 through 14 of the Complaint.

16.    Said drug product was defective, unsafe and dangerous for its intended use; this defect existed at the time the products left Defendant WYETH hands; the drug product was not accompanied by adequate warnings of the dangers that was known or reasonably should have been known at the time of manufacture and marketing; the Plaintiffs used the drug product for its intended purpose; she took the drug product as prescribed and for the purpose for which it was marketed and prescribed; the Plaintiffs could not have

5

discovered any defect in the drug product through the exercise of care; and the defect was a proximate cause of each Plaintiffs' injury.

17.    At all times relevant hereto, the Defendant WYETH was aware of, and profited from, the fact that said drug product was being prescribed and used for long- term use and in the fenfluramine-phentermine combination and that such use was dangerous and unsanctioned by the Food and Drug Administration.

18.    After having obtained actual knowledge that death, pulmonary hypertension, and valvular heart disease had occurred in users of said products, Defendant WYETH negligently failed to issue adequate warnings, recall the products, publicize the information known or otherwise act responsibly and timely to alert the public to the inherent dangerousness of the drugs and the risk of injury.

19.    Defendant WYETH encouraged the misuse and overuse of the drugs while misrepresenting the side effects to doctors and the public in order to increase sales and profits.

## THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

20.    Plaintiffs repeat all of the allegations contained in paragraphs 1 through 19 of the Complaint.

21.    Said drug products manufactured and/or supplied by defendant WYETH, was expressly warranted by Defendant WYETH, by and through statements made by Defendant WYETH and/or defendant WYETH sales representatives or her authorized agents, orally and/or in publications intended for physicians, medical patients and the

6

general public, to be merchantable and fit for the purpose intended, that it was safe and effective for weight loss.

22.    Defendant WYETH breached said express warranties in that said drug product was neither of merchantable quality nor fit for its intended use, because it was not effective for weight loss, any weight loss was temporary, and its use carried dangerous, life threatening risks of pulmonary hypertension and heart valve disease.

23.    Defendant WYETH had reason to know and did know that Plaintiffs and their physicians were relying on said warranty.

24.    Plaintiffs and their physicians reasonably relied to their detriment, upon the skill and judgment of defendant WYETH, and upon said express warranties, in prescribing and using said drug product.

25.    Plaintiffs have given reasonable notice of the product's defects and of said breach of warranties to Defendant WYETH.

26.    As a direct and proximate result of the breach of said express warranties, Plaintiffs were caused to suffer the damages and injuries herein alleged.

## FOURTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

27.    Plaintiffs repeat all of the allegations contained in paragraphs 1 through 26 of the Complaint.

28.    Said drug product manufactured and/or supplied by defendant WYETH, was impliedly warranted by Defendant WYETH, by and through product labeling and statements made by Defendant WYETH and/or defendant WYETH sales representatives

7

or her authorized agents, orally and/or in publications intended for physicians, medical patients and the general public, to be merchantable and fit for the purpose intended, i.e., that it was safe and effective for weight loss.

29.    Defendant WYETH breached said implied warranties in that said drug product was neither merchantable nor fit for the purpose intended, i. it was not effective for weight loss and was not safe for its intended use because of its dangerous, life threatening risks.

30.    Defendant WYETH had reason to know and did know that Plaintiffs and her physicians was relying on said implied warranties.

31.    Plaintiffs and their physicians reasonably relied to their detriment upon these implied warranties and upon the skill and judgment of Defendant WYETH when prescribing and using the aforesaid product.

32.    Plaintiffs have given reasonable notice of the product's defects and of said breach of warranties to Defendant WYETH.

33.    As a direct and proximate result of the breach of said warranties, Plaintiffs were caused to suffer the damages and injuries herein alleged.

## FIFTH CAUSE OF ACTION
## BREACH OF WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

34.    Plaintiffs repeat all of the allegations contained in paragraphs 1 through 33 of the Complaint.

35.    Said drug product manufactured and/or supplied by defendant WYETH, was impliedly warranted by Defendant WYETH, by and through statements made by

8

Defendant WYETH and/or defendant WYETH sales representatives or her authorized agents, orally and/or in publications intended for physicians, medical patients and the general public, to be fit for the particular purpose intended, i.e., that the use of the drug product in combination with the drug Phentermine, which was also manufactured by defendant WYETH, would be more effective for weight loss than Pondimin alone, and that there was fewer side effects because the Pondimin could be taken in lower doses.

36.    Defendant WYETH breached said implied warranties in that said drug product was not fit for the particular purpose intended, i.e., it was not more effective for weight loss and was not safer for its intended use because it had the same or more dangerous life threatening risks.

37.    Plaintiffs and their physicians reasonably relied to their detriment upon these implied warranties and upon the skill and judgment of Defendant WYETH when prescribing and using the aforesaid product.

38.    Plaintiffs have given reasonable notice of the product's defects and of said breach of warranties to Defendant WYETH.

39.    As a direct and proximate result of the breach of said warranties, Plaintiffs were caused to suffer the damages and injuries herein alleged.

## SIXTH CAUSE OF ACTION
## VIOLATION OF D. C. UNFAIR TRADE PRACTICES ACT

40.    The Plaintiffs repeat all of the allegations contained in paragraphs 1 through 39 of the Complaint.

9

41.    Defendant WYETH is, and at all times herein mentioned, was engaged in the business of the sale of consumer goods, to wit, fenfluramine, dexfenfluramine, and phentermine.

42.    The aforesaid unfair and deceptive acts was done in violation of the following subsections of District of Columbia Unlawful Trade Practices Act, D. C., Code §28 3904:

(a) misrepresentation that the drug products was of a particular quality;

(b) misrepresentation as to material facts which have the tendency to mislead;

(c) failure to state material facts which failure tends to mislead;

(d) offered for sale or distributed drug products in a condition which was inconsistent with that warranted by operation or requirement of federal law.

43.    As a direct and proximate result of such unfair and deceptive trade practices, Plaintiffs have suffered the aforesaid injuries and damages.

44.    Under said Act, Plaintiffs are entitled to treble damages or, in the alternative, punitive damages, and reasonable attorneys' tees, and any other relief which the court deems proper.

WHEREFORE, Plaintiffs demand judgment against defendant WYETH in the amount of TEN MILLION DOLLARS ($10,000,000.00) together with interest from January 1,1995, and her attorneys' fees and costs herein expended.

JURY DEMAND: Plaintiffs demands trial by jury.

10

SUSAN YOST and CAROLYN HOLUB

By Counsel

Michael Miller, Esquire Barr # 397689
J. Christopher Ide, Esquire Bar # 386093
MILLER & ASSOCIATES
105 N. Alfred Street
Alexandria, Virginia 22314
(703) 519-8080
FAX (703) 519-8084

11

# Superior Court of the District of Columbia

## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

Susan Yost & Carolyn Holub

vs.

Wyeth

Case Number: 05-0003288

Date: April 28, 2005

Name:
J. Christopher Ide & Michael J. Miller

Firm Name:
Miller AND Associates

Telephone No.:          Unified Bar No.:
703 519 8080           386093

Relationship to Lawsuit

☒ Attorney for Plaintiff

○ Self (Pro Se)

Other: ☐

TYPE OF CASE:    ○ Non-Jury    ○ 6 Person Jury    ☒ 12 Person Jury

Demand: $ TEN MILLION Dollars    Other: With interest From 01/01/1995

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**

Case No. ☐    Judge ☐    Calendar # ☐

Case No. ☐    Judge ☐    Calendar # ☐

NATURE OF SUIT:  *(Check One Box Only)*

| A. CONTRACTS | | COLLECTION CASES |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 |
| ☐ 15 Other: | | |

| B. PROPERTY TORTS | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Other: |
| ☐ 07 Shoplifting, D.C. Code § 3441 | | |

| C. PERSONAL TORTS | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☒ 17 Personal Injury |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile | ☐ 12 Malicious Interference | ☐ 20 Other: |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 2 1 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical | |
| ☐ 08 Fraud | ☐ 16 Negligence | |

**D.  OTHERS**

I.
☐ 01  Accounting
☐ 02  Att. Before Judgment
☐ 04  Condemnation (Emin. Domain)
☐ 05  Ejectment
☐ 07  **Insurance/Subrogation**
      Under $25,000  Pltf.
      **Grants Consent**
☐ 08  Quiet Title
☐ 09  Special Writ (Specify)

☐ 10  T.R.O./Injunction
☐ 11  Writ of Replevin
☐ 12  Enforce Mechanics Lien
☐ 16  Declaratory Judgment
☐ 17  Merit Personnel Act (D.C.
      Code Title 1, Chapter 6)
☐ 18  Product Liability
☐ 24  Application to Confirm, Modify,
      Vacate Arbitration Award
      (D.C. Code 164315)

☐ 25  Other:
☐ 26  **Insurance/Subrogation**
      **Under $25,000    Consent Denied**
☐ 27  **Insurance/Subrogation**
      **Over $25,000**

II.
☐ 03  Change of Name
☐ 06  Foreign Judgment
☐ 13  Correction of Birth Certificate
☐ 14  Correction of Marriage
      Certificate

☐ 15  Libel of Information
☐ 19  Enter Administrative Order as
      Judgment [6-2713(h) or
      36-3 19(a)]
☐ 20  Master Meter (D.C. Code
      43-541, et seq.)

☐ 21  Petition for Subpoena
      [Rule 28-l(b)]
☐ 22  Release Mechanics Lien
☐ 23  Rule 27 (a)(l)
      (Perpetuate Testimony)