IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SUSAN YOST,<br>17 Baywood Lane<br>Portsmouth, VA 23701<br><br>CAROLYN HOLUB,<br>13402 E. Hardy<br>Houston, TX 77039<br><br>    Plaintiffs,<br><br>        v.<br><br>WYETH,<br>5 Giralda Farms<br>Madison, NJ 07947<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT WYETH'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Wyeth states as follows for its Answer to Plaintiffs' Complaint:

1. Wyeth admits that the Complaint places an amount in controversy that exceeds the jurisdictional requirements of this Court and that it is not at this time contesting the jurisdiction of this Court. Wyeth denies the remaining allegations in Paragraph 1.

2. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. Wyeth admits that it is incorporated in Delaware and has its primary address in New Jersey. Wyeth further admits that it maintains a registered agent in the District of Columbia, that it is qualified to do business in the District of Columbia as of February 10, 2004, and that it maintains an office in the District of Columbia. Wyeth further admits

that it maintains a web site available to viewers in the District of Columbia. Wyeth denies the remaining allegations in Paragraph 3 of the Complaint, except that it admits that prior to September 15, 1997, American Home Products Corporation ("AHPC"),[1] through its unincorporated Wyeth-Ayerst Laboratories Division ("WALD"), distributed and sold fenfluramine hydrochloride under the brand name Pondimin® ("Pondimin") for use in accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein and distributed, promoted to licensed health care providers, and sold dexfenfluramine hydrochloride under the brand name Redux™ ("Redux") for use in accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein.

4. Wyeth admits that prior to August 3, 1998, when A.H. Robins Company, Inc. ("Robins"), was merged into AHPC and ceased to exist as a separate entity, Robins was a Delaware corporation with its primary residence in Virginia. Wyeth admits that, prior to September 15, 1997, Robins manufactured and sold Pondimin for use in accordance with FDA-approved prescribing information and subject to the precautions, warnings, and contraindications contained therein. Wyeth denies the remaining allegations in Paragraph 4 of the Complaint.

5. Wyeth admits that, prior to March 11, 2002, WALD was an unincorporated division of AHPC. Wyeth denies the remaining allegations in Paragraph 5 of the Complaint, except that it admits that prior to September 15, 1997, WALD distributed and sold Pondimin for use in accordance with FDA-approved prescribing information and

---

[1] On March 11, 2002, the name of American Home Products Corporation changed to Wyeth. As a result, Wyeth will respond to allegations directed at or involving AHPC.

subject to the precautions, warnings, and contraindications contained therein and distributed, promoted to licensed health care providers, and sold Redux for use in accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein.

6. Wyeth admits that Pondimin was listed on Schedule IV pursuant to federal and District of Columbia law. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the medications prescribed for Plaintiffs and therefore denies those allegations. Wyeth denies the remaining allegations in Paragraph 6.

## FIRST CAUSE OF ACTION – NEGLIGENCE

7. In response to Paragraph 7 of the Complaint, Wyeth repeats all its responses contained in Paragraphs 1 through 6.

8. Wyeth denies the allegations in Paragraph 8 of the Complaint.

9. Wyeth admits that some licensed health care providers prescribed Pondimin alone and in combination with phentermine prior to September 15, 1997. Wyeth denies the remaining allegations of Paragraph 9 of the Complaint.

10. Wyeth denies the allegations of Paragraph 10 of the Complaint.

11. Wyeth denies the allegations of Paragraph 11 of the Complaint.

12. Wyeth denies the allegations of Paragraph 12 of the Complaint.

13. Wyeth denies the allegations of Paragraph 13 of the Complaint.

14. Wyeth denies the allegations of Paragraph 14 of the Complaint.

## SECOND CAUSE OF ACTION – STRICT PRODUCT LIABILITY

15. In response to Paragraph 15 of the Complaint, Wyeth repeats all its responses contained in Paragraphs 1 through 14.

16. Wyeth denies the allegations of Paragraph 16 of the Complaint.

17. Wyeth denies the allegations of Paragraph 17 of the Complaint.

18. Wyeth denies the allegations of Paragraph 18 of the Complaint.

19. Wyeth denies the allegations of Paragraph 19 of the Complaint.

## THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY

20. In response to Paragraph 20 of the Complaint, Wyeth repeats all its responses contained in Paragraphs 1 through 19.

21. Wyeth admits that Pondimin and Redux were indicated for use in the treatment of obesity, as more fully described in their FDA-approved prescribing information. Wyeth denies the remaining allegations in Paragraph 21 of the Complaint.

22. Wyeth denies the allegations of Paragraph 22 of the Complaint.

23. Wyeth denies the allegations of Paragraph 23 of the Complaint.

24. Wyeth denies the allegations of Paragraph 24 of the Complaint.

25. Wyeth denies the allegations of Paragraph 25 of the Complaint.

26. Wyeth denies the allegations of Paragraph 26 of the Complaint.

## FOURTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

27. In response to Paragraph 27 of the Complaint, Wyeth repeats all its responses contained in Paragraphs 1 through 26.

28. Wyeth admits that Pondimin and Redux were indicated for use in the treatment of obesity, as more fully described in their FDA-approved prescribing information. Wyeth denies the remaining allegations in Paragraph 28 of the Complaint.

29. Wyeth denies the allegations of Paragraph 29 of the Complaint.

30. Wyeth denies the allegations of Paragraph 30 of the Complaint.

31. Wyeth denies the allegations of Paragraph 31 of the Complaint.

32. Wyeth denies the allegations of Paragraph 32 of the Complaint.

33. Wyeth denies the allegations of Paragraph 33 of the Complaint.

## FIFTH CAUSE OF ACTION – BREACH OF WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

34. In response to Paragraph 34 of the Complaint, Wyeth repeats all its responses contained in Paragraphs 1 through 33.

35. Wyeth denies the allegations of Paragraph 35 of the Complaint.

36. Wyeth denies the allegations of Paragraph 36 of the Complaint.

37. Wyeth denies the allegations of Paragraph 37 of the Complaint.

38. Wyeth denies the allegations of Paragraph 38 of the Complaint.

39. Wyeth denies the allegations of Paragraph 39 of the Complaint.

## SIXTH CAUSE OF ACTION – VIOLATION OF D.C. UNFAIR TRADE PRACTICES ACT

40. In response to Paragraph 40 of the Complaint, Wyeth repeats all its responses contained in Paragraphs 1 through 39.

41. Wyeth denies the allegations of Paragraph 41 of the Complaint, except that it admits that prior to September 15, 1997, AHPC, through its unincorporated WALD, distributed and sold fenfluramine hydrochloride under the brand name Pondimin® ("Pondimin") for use in accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein and distributed, promoted to licensed health care providers, and sold dexfenfluramine hydrochloride under the brand name Redux™ ("Redux") for use in accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein.

42. Wyeth denies the allegations of Paragraph 42 of the Complaint, including all subparts.

43. Wyeth denies the allegations of Paragraph 43 of the Complaint.

44. Wyeth denies the allegations of Paragraph 44 of the Complaint.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

Venue for Plaintiffs' causes of action may be improper in this district.

### SECOND ADDITIONAL DEFENSE

The Complaint and each count thereof fail to state a claim upon which relief may be granted.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the applicable statute of limitations, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § VII.B.4 of the Nationwide Class Action Settlement Agreement with American Home Products Corporation (the "Settlement Agreement").

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the doctrines of laches, waiver, and estoppel, to the extent not otherwise provided in § IV.D.3.c, § IV.D.4.c, and/or § VII.B.4 of the Settlement Agreement.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because, at all relevant times, Plaintiffs were knowledgeable purchasers who were aware of the alleged hazards of Pondimin, and, therefore, they expressly or impliedly assumed the risk of any alleged injury.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Pondimin.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' contributory negligence and/or assumption of risk.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because the damages alleged by Plaintiffs were caused or proximately caused by some person or third party other than Wyeth for whom Wyeth is not legally responsible.

## NINTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because the alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce by Wyeth.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' recovery, if any, should be reduced by the comparative negligence, fault, responsibility or causation attributable to third parties, for which Wyeth is not legally responsible.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because the alleged damages were not proximately caused by any act or omission by Wyeth.

### TWELFTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because the alleged damages were the result of pre-existing conditions of Plaintiffs, which were unrelated to any conduct of or product placed in the stream of commerce by Wyeth.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because the alleged damages were the result of an idiosyncratic reaction by Plaintiffs that Wyeth could not reasonably foresee.

### FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because Plaintiffs were not foreseeable users of the product.

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because Plaintiffs' damages, if any, were caused in whole or in part by the misuse or unintended use of the product.

## SIXTEENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because Plaintiffs' damages, if any, were caused by changes and/or alterations to Wyeth's products made by persons not within Wyeth's control.

## SEVENTEENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because Plaintiffs' alleged damages were not caused by any failure to warn on the part of Wyeth.

## EIGHTEENTH ADDITIONAL DEFENSE

Wyeth provided adequate and complete warnings to Plaintiffs' prescribing physicians. Therefore, any claims by Plaintiffs for inadequate warnings are controlled by and barred under the learned intermediary doctrine.

## NINETEENTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' failure to assert a safer design for Pondimin and/or Redux.

## TWENTIETH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect, since the Pondimin ingested by Plaintiffs was properly prepared in accordance with the applicable standard of care.

## TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' product liability causes of action are barred because the benefits of the relevant products outweighed their risks.

## TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' product liability causes of action are barred because the relevant products were consistent with or exceeded consumer expectations.

## TWENTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because based on the state of scientific, medical, and technological knowledge at the time Pondimin and/or Redux was marketed, Pondimin and/or Redux was reasonably safe for its normal and foreseeable use at all relevant times.

## TWENTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred in whole or in part because Wyeth complied with all applicable statutes and with the requirements and regulations of the FDA.

## TWENTY-FIFTH ADDITIONAL DEFENSE

Plaintiffs' causes of action under state law are barred by the doctrine of federal preemption.

### TWENTY-SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims against Wyeth are barred under the Restatement (Second) of Torts § 402A, cmt. k.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

Plaintiffs' products liability causes of action against Wyeth are barred under the Restatement (Third) of Torts § 4 *et seq.*

### TWENTY-EIGHTH ADDITIONAL DEFENSE

Plaintiffs' causes of action alleging breach of warranty are barred by the Uniform Commercial Code as enacted in the District of Columbia.

### TWENTY-NINTH ADDITIONAL DEFENSE

To the extent that Plaintiffs allege a continuing duty to warn, such cause of action is barred under the Law of the District of Columbia.

### THIRTIETH ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because they did not reasonably rely on any alleged express or implied warranty.

### THIRTY-FIRST ADDITIONAL DEFENSE

Plaintiffs failed to notify Wyeth of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and, therefore, are barred from any recovery for such claims.

### THIRTY-SECOND ADDITIONAL DEFENSE

The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by her failure to mitigate such damages in whole or in part.

### THIRTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' causes of action are barred because they suffered no physical injury from Pondimin and/or Redux.

### THIRTY-FOURTH ADDITIONAL DEFENSE

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from other sources.

### THIRTY-FIFTH ADDITIONAL DEFENSE

Wyeth expressly denies that any third party engaging in the acts alleged by Plaintiffs was acting as Wyeth's agent or servant, at the instruction of Wyeth or within Wyeth's control. Therefore, to the extent that Plaintiffs' claims seek recovery for the acts or omissions of such third parties, the claims are barred in whole or in part as a matter of law.

### THIRTY-SIXTH ADDITIONAL DEFENSE

Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution.

## **THIRTY-SEVENTH ADDITIONAL DEFENSE**

Even if punitive damages are not barred by the Settlement Agreement, Plaintiffs' claims for punitive damages are in contravention of Wyeth's rights under each of the following constitutional provisions:

    a.    the Commerce Clause of Article I, Section 8 of the United States Constitution;

    b.    the Contracts Clause of Article I, Section 10 of the United States Constitution;

    c.    the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

    d.    the Supremacy Clause of Article VI of the United States Constitution;

    e.    the Free Speech Clause of the First Amendment of the United States Constitution;

    f.    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    g.    the Takings Clause of the Fifth Amendment of the United States Constitution;

    h.    the Right to Counsel of the Sixth Amendment of the United States Constitution;

    i.    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    j.    the Right to Trial by Jury contained in Seventh Amendment of the United States Constitution; and

    k.    the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### THIRTY-EIGHTH ADDITIONAL DEFENSE

Even if punitive damages are not barred by the Settlement Agreement, because of the lack of clear standards, the imposition of punitive damages against Wyeth is unconstitutionally vague and/or overbroad.

### THIRTY-NINTH ADDITIONAL DEFENSE

Plaintiffs are members of a class that is subject to the provisions of the Settlement Agreement, approved by the United States District Court for the Eastern District of Pennsylvania. By reason of the Settlement Agreement, Plaintiffs' causes of action are barred in whole or in part by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, accord and satisfaction, and covenant not to sue and are barred by an injunction entered by that Court.

### FORTIETH ADDITIONAL DEFENSE

Even if punitive damages are not barred by the Settlement Agreement, no act or omission by Wyeth was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

### FORTY-FIRST ADDITIONAL DEFENSE

Even if punitive damages are not barred by the Settlement Agreement, with respect to Plaintiffs' demand for punitive damages, Wyeth specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decision of *BMW of North*

*America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) and pursuant to statute in the District of Columbia.

## FORTY-SECOND ADDITIONAL DEFENSE

Plaintiffs are not entitled to recover attorney's fees.

## FORTY-THIRD ADDITIONAL DEFENSE

Plaintiffs failed to plead with sufficient specificity the elements or facts supporting Plaintiffs' deceptive trade practices claim.

## FORTY-FOURTH ADDITIONAL DEFENSE

Even if punitive damages are not barred by the Settlement Agreement, Plaintiffs failed to plead with specificity the elements or facts supporting Plaintiffs' punitive damages claim.

## FORTY-FIFTH ADDITIONAL DEFENSE

The claims of some or all of the Plaintiffs are improperly joined in this action.

## FORTY-SIXTH ADDITIONAL DEFENSE

Wyeth reserves the right to assert any defenses available under the laws of the several states that may be applicable to Plaintiffs' claims.

## **FORTY-SEVENTH ADDITIONAL DEFENSE**

Wyeth reserves the right to amend and add other defenses that become apparent through discovery of the evidence.

WHEREFORE, Wyeth prays for relief and judgment against Plaintiffs as follows:

A. That Plaintiffs take nothing by reason of the Complaint;

B. That this action be dismissed with prejudice;

C. That Wyeth recovers its fees, costs and attorneys' fees incurred herein; and

D. Such further and other relief as the Court deems proper.

Respectfully submitted,

_____
Fern P. O'Brian, D.C. Bar No. 387468
Robyn M. Holtzman, D.C. Bar No. 483317
ARNOLD & PORTER, LLP
555 12th Street, N.W.
Washington, DC 20004
Phone: (202) 942-5000

**Counsel for Defendant WYETH**

Dated: June 21, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing **Defendant Wyeth's Answer to Planitiffs' Complaint** has been served upon all counsel of record by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 21st day of June, 2005 to:

>Michael J. Miller, Esquire
>J. Christopher Ide, Eqsuire
>MILLER & ASSOCIATES
>105 North Alfred Street
>Alexandria, Virginia  22314
>
>**Counsel for Plaintiffs**

_____
Robyn M. Holtzman